The next case this morning is 5231076 People v. Hodson. Arguing for the appellant is Omar Jalil. Arguing for the appellee is Ivan Taylor Jr. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning. Good morning, Your Honor. We've read your briefs. We are familiar with the facts, so we'd appreciate if you'd jump right into argument. Mr. Jalil, you represent the appellant, is that correct? Yes, Your Honor. Are you ready to proceed? I am, Your Honor. You may do so. Thank you. Thank you. Mr. Taylor, Honorable Justices, may it please the court. My name is Omar Jalil, and I represent the appellant, Richard Hodson. Mr. Hodson seeks reversal of the trial court's order denying his motion to withdraw his guilty plea based upon the trial counsel's failure to comply with Illinois Supreme Court Rule 604D. 604D requires counsel to certify that he or she has consulted with the defendant either by phone, mail, electronic means, or in person to ascertain defendant's contentions of error in the sentence proceedings and in the entry of the guilty plea, that counsel examine the trial court file and both the reported proceedings of the plea of guilty and the reported proceedings in the sentencing hearing, and that counsel has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. Here, counsel failed to file a 604D certification at the time that he filed his motion to vacate judgment and withdraw Mr. Hodson's guilty plea. The Illinois Supreme Court has repeatedly stated over and over again that strict compliance with Rule 604D was required, and a failure to strictly comply with the rule results in remand for new post-plea proceedings. In People v. Easton, the court stated that counsel is required to certify that she has consulted with the defendant as to errors in both the plea and the sentence, and recently in People v. Gorse, G-O-R-S-S, the court again demanded strict compliance while rejecting the state's argument that substantial compliance was sufficient. Here, counsel's failure to file a 604D certification at the time that he filed the post-plea motion requires a remand for new post-plea proceedings. The record also shows that counsel did not comply with Rule 604D. At the hearing on the post-plea motion, counsel did not present any arguments, he didn't present any evidence, and instead simply stated to the court that he and the state's attorney were in agreement that neither side would be making arguments because we know that the court has had a chance to review everything and we would just ask for a ruling from the court. Based upon this record and counsel's failure to file the 604D certification, remand is necessary. Finally, counsel did file a late 604D subsequent to the notice of appeal being filed. This filing should be regarded as being void of initio because it was entered when the trial court had lost jurisdiction, and as such, this late filing should have no legal effect. For these reasons stated here and in Mr. Hodson's opening brief and in his reply brief, Mr. Hodson respectfully requests that this honorable court remand the matter back to the trial court for new post-plea proceedings. Thank you, your honors. Mr. Julio, is there ever a time when the attorney could have asked leave to file a late 604D? I would say that if he would have filed this when the trial court had jurisdiction, that would have been a separate matter. But his failure to file it prior to the notice of appeal being filed divested the trial court of jurisdiction, and there was no longer a basis for him to, he wasn't able to file anything once the trial court lost jurisdiction over the matter. There was no motion for leave to file in either trial court or the appellate court to file a late 604, was there? In the trial court, there was a motion filed to, it wasn't leave to file, it was a motion to supplement the prior motion. That's my point. But it was agreed to, wasn't it? It was agreed to, correct, your honor, but that agreement was void at the time that it was made because the trial court lost jurisdiction over the matter once the notice of appeal was filed. What about this notion that the state raises of invited error, though? That you file your notice of appeal and then file the late certificate? Well, your honor, I would state that there, I haven't seen a case where invited error was found in a 604D situation. And second, what I would point to is that Mr. Hodgson was not present in court when this late notice of 604, when trial counsel tried filing this late 604D. So I don't believe that Mr. Hodgson should be penalized by his trial counsel's initial failure to properly file a post-plea motion. And then second, counsel's failure to know that there was no jurisdiction any longer. Especially when he wasn't there. Other questions, Justice Cates? No, not at this time. Justice Scholar? No questions. Mr. Giulio, you'll be given the opportunity for rebuttal later. Mr. Taylor, are you ready? Yes, your honor. Good morning, your honors, good morning, counsel. My name is Ivan O. Taylor, Jr. I'm on behalf of the people in this case. To start with, the issue regarding forfeiture. Mr. Giulio is correct that invited error has not been applied to a 604D situation before. However, the people believe that it still applies to the situation. As his counsel, defendants are bound by their counsel's actions as they are their agents. And the counsel chose to stipulate along the prosecutor to file this joint motion to file the 604D with the trial court and the trial court accepted that filing at the time. And since defendants never argued that his counsel was ineffective for taking this course of action, defendants has to accept the counsel's actions at that time. And by not arguing ineffectiveness, he can now argue that the counsel erred by filing the 604D after the notice of appeal. Mr. Taylor, did the trial court have jurisdiction to even enter the order? Yes, I'm getting to that point, your honor. Thank you. The trial court did have the authority and jurisdiction to enter that order. Generally, the trial court loses jurisdiction after the notice of appeal is filed. But the Supreme Court has repeatedly held that the trial court does retain some authority over a case even after the notice of appeal. One authority is to, one, receive documents related to the case. And also, the trial court is only barred from entering any orders of substance within a case after notice of appeal. Accepting the 604D filing, the certificate, is not entering an order of substance. You don't think the 604D that requires certain procedural rights that the defendant, that we assure that the defendant received is a substantive pleading? It's not the trial court entering an order of substance. It is an important filing that the defense counsel must make and ensure that the defendant's rights are being upheld. But the trial court itself is not entering an order of substance. Do you have any case law, do you have a case that you can rely on that supports your argument? One thing that we're relying on is, in our brief, that case is dealing with 651C certificate. And in that case, the secretary held that it was appropriate and fine for counsel to file a 651C certificate with the appellate court, obviously well after notice of appeal has been filed. And it still accepted that certificate and found that, okay, this is fine. We're going to view it as properly filed. And that counsel had provided reasonable assistance in that case. The 651C certificate is... In Waldrop, in that case, it was the appellate court that had jurisdiction at that time. And it was allowed to be filed. Here, the trial court was allowing it, and I'm not sure it had jurisdiction. Do you have a case where the trial court allowed this document to be filed, or a 651C after the notice of appeal? There has been no specific case on that point, Justice Cates. Okay. Thank you. I wanted to make sure I wasn't missing anything. Also, a 651C certificate is not required to be filed if the record shows that the attorney is in compliance. But the courts have been clear that 604D's certificate, there is strict compliance required. Is that not correct? Well, for 651C, it does still need to be filed. Because if it's not filed, courts have found that without applying that certificate, you don't have... I'm sorry. There's no presumption. If there's no 651C certificate, there's no presumption. But you can still show it as a matter of record. The 604D requires strict compliance. You have to file that, or it goes back. Yes, you're correct. Without 64D, without that proper filing, it has to go back no matter what. But obviously, the people's position in this case is that even though the notice of appeal has been filed, the defense counsel filed 64D, but the trial court was still in strict compliance with 64D. I believe there is a point being made. It seems as if the defense is arguing that the counsel must file 64D during the hearing itself. But as the state points out in its briefing in NHL, as long as that filing occurs, it does not occur during the hearing. No, but it occurred before the notice of appeal was filed in that case. That is correct. In NHL, that filing did occur before the notice of appeal. And as the people point out, NHL does have a line which indicates that it should be filed before the notice of appeal itself. The people argue that that particular sentence was dicta in the Illinois Supreme Court as the issue in NHL was specifically whether or not the 64D certificate had to be filed at the hearing. And the Supreme Court held that since there's no time requirement within 64D, it does not have to be filed at the hearing. That final line of having it filed before the notice of appeal was there was no analysis. There was no argument regarding that. It was just something that was thrown in at the end. Okay. What does the dissent say about that? There was a dissent in NHL. Do you remember that? There was, and unfortunately, I cannot recall what the dissent stated at this moment. Okay. All right. That's fine. Thank you. Should the court find that 64D was strictly compliant with the filing of the certificate regarding the counsel's performance at the hearing itself, the defense is arguing that counsel failed to actually comply with 64D, but the record doesn't support that. Counsel is not required to necessarily make arguments during the hearing because those arguments were within the amended motion itself. There are plenty of times where counsels will make their arguments in motion and then allow the court to read our motions and decide based on that without making further arguments. Additionally, the defense seems to rely upon the case of Peel v. Gorse. The issue in Gorse is that the language within that certificate itself was not strictly compliant with the language of Rule 64D, and that is why in Gorse, the Illinois Supreme Court found that there was no strict compliance with the rule. Here, in record, you can see the language of the 64D certificate. It tracks exactly with the rule itself, and there's nothing within the record to rebut the counsel's actions in complying with the rule. Do your honors have any more questions for me? No. No. No. And if people ask the court to find that the defense counsel was compliant with Rule 64D and affirm the denial of defense motion to vacate his guilty plea. Thank you. Thank you. Mr. Jalil Rebuttal. Thank you, Your Honor. In regards to the dissent in Ray H.L., the dissent stated that the 604D certificate should be filed before the trial court rules on the post-trial motion, which of course didn't happen in this case as well. And in regards to the state's reliance on 651C, that reliance is respectfully just misplaced. 651C only requires substantial compliance. It involves a post-conviction petition where there is no right to even constitutional guaranteed effective representation. Post-conviction proceedings only require reasonable assistance. And in regards to whether this was a substantive ruling by the trial court or whether it was just a ministerial task, what trial counsel tried doing here wasn't just trying to add some papers. He was trying to supplement his motion, essentially refile a new motion, is what trial counsel was trying to do. And that is certainly a substantive motion, a substantive proceeding, and it was done when the trial court had zero jurisdiction over the matter. The jurisdiction over this case at the time that the trial court made that ruling was with this honorable court. And the trial court had no jurisdiction or authority to make any substantive rulings like it did. And in regards to not making an ineffective assistance claim, it's simply that the record isn't developed. There wasn't even an affidavit from my client as to what his contentions were of why he wanted to withdraw his guilty plea. And because of the record being undeveloped, it is more the proper venue to raise that ineffective assistance claim would be in a future post-conviction proceeding and not right now before this honorable court simply because the record wasn't developed. Your Honor, for the reasons stated earlier in our opening brief, Mr. Hudson respectfully requests that this honorable court reverse the trial court's order and remand the matter back for post-plea proceedings. Thank you. Thank you. We appreciate your arguments. We'll take those under advisement together with your briefs, and we'll issue a decision on the matter. Thank you. Thank you, Your Honor.